**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **QUENTIN A. MITCHELL,** | § | |
| **Petitioner** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-05-435** |
| | § | |
| **JOE DRIVER, WARDEN,** | § | |
| **Respondent** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas ("FCI-Three Rivers"). Proceeding *pro se* and *in forma pauperis*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on August 8, 2005 arguing that a court-imposed restitution program is being administered in an unconstitutional manner (D.E. 1, 2).  Respondent filed a motion for summary judgment on December 5, 2005 (D.E. 9) to which petitioner responded on January 3, 2006 (D.E. 10).

## BACKGROUND

On February 20, 2001 petitioner was convicted in the United States District Court in the Western District of Texas of five felony counts in two criminal cases, United States v. Mitchell, A-00-CR-024-JN and United States v. Mitchell, A-00-CR-030-JN.  He was found guilty of Car Jacking and Aiding and Abetting in violation of 18 U.S.C. §§ 2119 and 2; Interference with Commerce by Robbery and Aiding and Abetting in violation of 18 U.S.C. §§ 1951(a), (b) and

(c); and Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 US.C. 924(c)(1) (D.E. 9, Ex. A).  The total sentence imposed was 219 months incarceration in the BOP to be followed by a five-year period of supervised release.

In addition, petitioner was ordered to pay restitution in the amount of $24,887 and a special assessment of $500 (D.E. 9, Ex. A).  The court ordered that petitioner make restitution jointly and severally with his co-conspirator and that if petitioner were unable to pay the indebtedness at the time he was sentenced, he was to cooperate fully with the office of the United States Attorney, the BOP and/or the United States Probation office to make payment in full as soon as possible, including during any period of confinement (D.E. 9, Ex. A).

Petitioner participates in the Inmate Financial Responsibility Program ("IFRP") which is a program through which inmates work with staff to develop a plan to meet their financial obligations, including court-ordered assessments, costs and restitution (Aff. Of Louis Tolliver, D.E. 9, Ex. C, p. 1).  As part of the FCI-Three Rivers initial classification process, staff members help inmates develop a financial plan to meet their financial obligations.  The inmate's efforts to fulfill their obligations are evaluated as indications of the individual's acceptance of responsibility (Tolliver Aff., D.E. 9, Ex. C, p. 2).

The parameters of the IFRP are set out at 28 C.F.R. § 545.11.  The regulation requires that the financial plan include the following obligations, ordinarily to be paid in the priority order as listed: (1) Special Assessments imposed under 18 U.S.C. § 3013; (2) Court-ordered restitution; (3) Fines and court costs; (4) State or local court obligations and (5) Other federal government obligations.  28 C.F.R. § 545.111(a).  Inmates assigned grades 1 through 4 in UNICOR, the BOP's employment program, are expected to allot not less than 50 percent of their

monthly pay to the payment process.  Any allotment less than 50 percent must be approved by

the Unit Manager.  28 C.F.R. § 545.11 (b)(2).  Refusal by an inmate to participate in the IFRP

may result in sanctions against the inmate which could include the refusal to grant any furlough,

other than possibly an emergency or medical furlough; no performance pay above the

maintenance pay level, or bonus or vacation pay; no work detail outside the perimeter of the

facility; removal from UNICOR; stringent monthly commissary spending limitations;

assignment to the lowest housing levels, no placement in community-based programs; no release

gratuity unless approved by the Warden and no incentive for participation in a residential drug

treatment program.  28 C.F.R. 545.11(d).

When petitioner arrived at FCI-Three Rivers on September 20, 2004 he met with staff to

review his financial obligations and a financial plan was created for him.  According to the plan,

he is to pay 50 percent of his UNICOR earnings toward his court-imposed restitution (Tolliver

Aff., D.E. 9, Ex. C, p. 2).  Petitioner signed the plan, indicating his agreement with it, although

he claims he signed it under threat, duress and coercion (D.E. 1, Ex. 14).

Petitioner has challenged his restitution obligation in court several times.  In 2004 he

filed a motion requesting suspension of payment of restitution in the sentencing court, which was

denied on September 9, 2004 (D.E. 9, Ex. B).  Petitioner sought reconsideration of the order, and

in addition, asked the court to adjust the payment of his restitution to 15 percent of his earnings

per pay period at the BOP.  Instead, after consulting with the United States Probation Office, the

court ordered petitioner to pay 50 percent of his earnings toward his financial obligations (D.E.

9, Ex. H).  Petitioner also challenged the restitution order in a 28 U.S.C. § 2255 motion filed in

the sentencing court, which was denied (D.E. 9, Ex. F).  Finally, petitioner challenged the

3

restitution order in a 42 U.S.C. § 1983 lawsuit in <u>Mitchell v. Federal Corrections Institution–Three Rivers</u>, C-05-361 (S.D. Tex. Jan. 4, 2006).  That lawsuit was dismissed on January 4, 2006 (Id.)

      Petitioner now attempts to argue in a habeas petition that the execution of the IFRP plan violates his right to due process because taking 50 percent of petitioner's UNICOR pay leaves him with insufficient funds to pay his child support obligations and also to purchase goods he needs from the commissary.  In his motion for summary judgment, respondent argues that this cause of action is moot because the relief petitioner seeks was denied by the sentencing court when petitioner brought his § 2255 motion.  In addition, respondent argues that several courts of appeals have upheld challenges to the IFRP program against constitutional attack.

## APPLICABLE LAW

### A.  Inmate Financial Responsibility Program

      To the extent petitioner is challenging the BOP's execution of his restitution order, his claim is without merit.  Courts of appeal have held repeatedly that requiring participating inmates to commit a percentage of their prison employment earnings toward the payment of court-ordered restitution is constitutional.  <u>See e.g.</u>, <u>Dorman v. Thornburgh</u>, 955 F.2d 57, 58-59 (D.C. Cir. 1992)(IFRP does not deprive inmates of constitutional rights);  <u>Matheny v. Morrison</u>, 307 F.3d 709 (8th Cir. 2002)(BOP has discretion to place inmates in IFRP payment plan); <u>Johnpoll v. Thornburgh</u>, 898 F.2d 849, 851 (2nd Cir. 1990)(per curiam)(BOP did not exceed authority in establishing IFRP and the program did not violate due process);  <u>McGhee v. Clark</u>, 166 F.3d 884, 886 (7th Cir. 1999)(noting that the program has been uniformly upheld against constitutional attack).  Petitioner has pointed to no contrary case law and none was found.

Accordingly, his cause of action based on his claim that the BOP's execution of his restitution order is unconstitutional should be dismissed.

To the extent petitioner is complaining about the sentencing court order that he pay 50 percent of his earnings per pay period toward restitution, his claim cannot be addressed in this court, but must be brought as a motion in the sentencing court under 28 U.S.C.A. § 2255. "Section 2255 provides the primary means of 'collaterally attacking a federal sentence' . . . and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'" Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005)(quoting Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) and Cox. v. Warden, Ted. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed.'" Padilla, 416 F.3d at 426 (citing Tolliver, 211 F.3d at 877). "A § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original). However, a prior unsuccessful § 2255 motion, or the inability to meet the requirements for bringing a second or successive petition, does not make § 2255 inadequate or ineffective. Id.

Petitioner brought a § 2255 claim in the sentencing court where he challenged the restitution order but was not successful in having it set aside. Nevertheless, he is not entitled to bring it again as a § 2241 action in an attempt to circumvent the limitations on filing successive § 2255 motions. Id. Accordingly, his request for habeas corpus relief should be dismissed.

**RECOMMENDATION**

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 9) be granted and petitioner's cause of action for habeas corpus relief be dismissed with prejudice.

Respectfully submitted  this 22nd day of March, 2006.


_____
  B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).